UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:26-cv-01358-JLS-MAA                              Date:  May 4, 2026

Title:  Pierre Haobsh v. State of California, et al.

Present:  The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Marina Moreno-Carrillo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:              Attorneys Present for Respondent:
N/A                                                                    N/A

**Proceedings (In Chambers):**          **Order to Show Cause re: Improper Respondent**

On January 30, 2026, Petitioner Pierre Haobsh ("Petitioner"), acting *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") in the Southern District of California.  (Pet., ECF No. 1.)  On February 3, 2026, the case was ordered transferred to this Court.  (ECF No. 3.)  The Petition alleges nine grounds for federal habeas relief, labeled Claims One through Eight and Ten.  (Pet. 6–17.)

The proper respondent in a state habeas action is the "state officer having custody" of the petitioner.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citation and quotation marks omitted).  "This person typically is the warden of the facility in which the petitioner is incarcerated." *Stanley v. California Supreme Ct.*, 21 F.3d 359, 360 (9th Cir. 1994).  Failure to name the correct custodian as a respondent may deprive the court of personal jurisdiction over the petition.  *See id.*

Petitioner named the State of California and the Secretary and Director of CDCR as the respondents to his Petition.  (Pet. 1.)  None of these is the proper respondent to this action.  Petitioner therefore is **ORDERED** to file a response to this Order identifying by name the proper respondent—the warden of the institution in which Petitioner is currently incarcerated—by no later than **thirty days from the date of entry of this order** (the "Deadline").  Failure to do so may result in the Court's recommendation that the action be dismissed for lack of personal jurisdiction over the Petition.  If Petitioner files a response identifying by name the proper respondent before the Deadline, this order to show cause shall be discharged.

**Petitioner is cautioned that failure to respond to this Order by the Deadline may result in a recommendation that the Petition be dismissed without prejudice for lack of personal**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:26-cv-01358-JLS-MAA                                Date:  May 4, 2026

Title:     Pierre Haobsh v. State of California, et al.

**jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

This Order is non-dispositive.  However, if Petitioner believes this order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within twenty (20) days after the date of the Order.  *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015); Fed. R. Civ. P. 72.

It is so ordered.