UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01358-JLS-CTS Date: November 13, 2026
Title: Pierre Haobsh v. State of California et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING SECOND REQUEST FOR EMERGENCY INJUNCTION (Doc. 25)**

On November 9, 2026, Petitioner filed a second request for an emergency injunction. (Req. for Emergency Injunction, Doc. 25.) He seeks various forms of relief, including an order requiring prison officials to administer certain medical treatment, provide electronic access to legal-research resources and specific computer equipment, and, as a repetition of his previous request for injunctive relief, emergency relief relating to future prison transfers. (*Id.* at 3.)

As an initial matter, Petitioner previously sought emergency injunctive relief to prevent a prison transfer, and the Court denied that request because Petitioner failed to show that any transfer would interfere with the Court's ability to adjudicate this habeas action. (Order Denying Req. for Emergency Injunction, Doc. 20.) The Court finds the same reasoning applicable here. Petitioner's current allegations concerning prison transfers do not establish that the Court will lose its ability to adjudicate his habeas petition or that emergency injunctive relief is necessary to preserve the Court's jurisdiction.

Petitioner's remaining allegations likewise do not support his request for emergency injunctive relief. Allegations concerning alleged denial of access to medical care, legal materials, and a prison law library challenge the conditions of Petitioner's confinement and are not cognizable in this federal habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 498–500 (1973) (explaining that a federal writ of habeas corpus is available to challenge the fact or duration of confinement, not the conditions thereof);

*accord Tunstall v. Schwartz*, 2006 WL 3300463, at *1 (E.D. Cal. Nov. 14, 2006) (denying materially identical request for relief because "the events complained of . . . do not implicate the court's exercise of jurisdiction of this habeas corpus action").

A habeas corpus action is not the proper vehicle for litigating conditions-of-confinement claims or obtaining broad injunctive relief regarding prison operations. *Muhammad v. Close*, 540 U.S. 749, 750, 754 (2004) ("Challenges to the validity of any confinement . . . are the province of habeas corpus[ ]; requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action."). Accordingly, the Court DENIES Petitioner's second request for an emergency injunction.

Initials of Deputy Clerk: kd